# EXHIBIT 1

DONALD J. NEWMAN, #003090
DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614
don@djnpc.com
*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| PETER STROJNIK, <br><br> Plaintiff, <br><br> vs. <br><br> LE NID USA, INC., a defunct Florida corporation ("LE NID USA, INC. (FLA)"). <br><br> LE NID USA, INC., a New Mexico corporation ("LE NID USA, INC. (NM)", <br><br> LE NID CONSORTIUM INTERNATIONAL, INC., a Wyoming corporation, <br><br> CLEAN BOTTLING, INC., a Wyoming corporation <br><br> INTERCONTINENTAL GROWTH HOLDING GROUP, INC., a Wyoming corporation, <br><br> CT CORPORATION SYSTEM, AS REPRESENTATIVE, <br><br> KYLIE SCHUYLER and DOUGLAS HODGE, husband and wife, <br><br> STEVEN DELLAPORTAS a/k/a STEVEN DELAPORTAS and JANE DOE DELAPORTAS, his wife, | Case No. CV2024-006019 <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> (Honorable Adam Driggs) <br><br> 1. Fraud <br><br> 2. Breach of Contract of the (1) written January 1, 2023 written Le Nid Consulting Agreement, (2) oral December 4, 2023 Le Nid Settlement Agreement and (3) oral December 4, 2023 Clean Bottling Consulting Agreement. <br><br> 3. Breach of covenant of good faith and fair dealing <br><br> 4. Fraudulent Conveyance <br><br> 5. Civil Conspiracy <br><br> 6. Negligence |

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

1

JOHN DOES 1-10; JANE DOES 1-10; and)
ABC COMPANIES 1-10,

      Defendants.

      Plaintiff, by and through his attorneys undersigned, for his claims against Defendants, alleges as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff Peter Strojnik is a single man residing in Phoenix, Arizona.

2.     Defendant Le Nid USA, Inc. (FLA) is a Florida corporation which was dissolved on or about March 23, 2022. Le Nid USA, Inc. (FLA) has not been authorized to conduct business in the State of Arizona at times relevant to this Complaint. The directors and/or control persons of Le Nid USA, Inc. (FLA) have been at times relevant hereto Defendant Kylie Schuyler ("Schuyler") and Defendant Steven Delaportas ("Delaportas").

3.     Defendant Le Nid USA, Inc. (NM) is a New Mexico corporation which has not been authorized to conduct business in the State of Arizona at any time relevant to this Complaint. The directors and/or control persons of Le Nid USA, Inc. (NM) have been, at all times relevant hereto, Defendant Schuyler and Defendant Delaportas.

4.     Upon information and belief, Le Nid USA, Inc. (NM) was an undercapitalized shell corporation that conducted no substantial business at all times relevant hereto.

5.     Defendant Le Nid Consortium International, Inc. ("LNCI") is a Wyoming corporation registered in Arizona and conducting business in Maricopa County. The

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

2

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

director and control person of LNCI is Defendant Schuyler. With the consent of Defendant Schuyler and Douglas Hodge ("Hodge"), Defendant Delaportas has held himself out under a fictitious name, Steven Dellaportas. All further references to Steven Dellaportas a/k/a Steven Delaportas, shall be "Delaportas".

6. Defendant Clean Bottling, Inc. ("Clean Bottling") is a Wyoming corporation registered and doing business in Arizona and is owned and operated by Defendant Delaportas.

7. Defendant Intercontinental Growth Holding Group, Inc. ("IGHG") is a Wyoming corporation owned and operated by Defendant Delaportas.

8. Defendant CT Corporation System, as representative, is a secured party under a certain UCC Financing Agreement filed with the Arizona Secretary of State on May 30, 2024 (#2024-002-4479-3), naming numerous defendants herein as debtors.

9. Kylie Schuyler ("Schyler") is married to Douglas Hodge "Hodge").

10. Defendant Delaportas and Jane Doe Delaportas are husband and wife.

11. Defendants John Doe 1-10 and Jane Doe 1-10 and ABC Companies 1-10 are fictitious names for individual corporations and partnerships. Limited liability companies and associates whose true names are presently unknown to Plaintiff, and Plaintiff reserves the right to substitute the true names of such Defendants by leave of Court wherever same are ascertained.

12. All of the events complained of herein occurred in Maricopa County, Arizona.

13. This Court has both subject matter and personal jurisdiction.

3

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.    **Events Leading to the Execution of the Le Nid Consulting Agreement.**

14.    In late 2022, Delaportas recruited Plaintiff to provide strategic business services to Le Nid Consortium International, Inc. ("LNCI").

15.    Prior to the execution of the written Le Nid Consulting agreement, Exhibit 1, Delaportas represented to Plaintiff that:

A.    he was the CEO of LNCI and Le Nid USA, Inc.;

B.    he was hired by Schuyler and Hodge as president and CEO of LNCI to manage the manufacturing, marketing and distribution of Crèmily snack and frozen yogurt products ("Crèmily Products");

C.    Schuyler and Hodge are husband and wife;

D.    Hodge was the former CEO of Pacific Investment Management Company (PIMCO), the world's largest bond manager;

E.    Hodge had been indicted and convicted in connection with the infamous 2019 college admissions bribery scandal;

F.    Hodge funded the manufacturing, marketing and distribution of Crèmily products through LNCI with $1B ($1,000,000,000);

G.    LNCI was planning to make the initial public offering of LNCI stock "by the end of the year 2023"; and

H.    LNCI was the parent company to other companies with the "Le Nid" designation.

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

4

16. Following initial discussions, Delaportas advised Plaintiff that Schuyler and Hodge authorized him to execute the Le Nid Consulting Agreement, but that the agreement had to be made between Plaintiff and Le Nid USA. Inc. and not LNCI "for accounting purposes".

17. At the time of these discussions, Plaintiff was unaware, and Delaportas failed to disclose, that there were two "Le Nid USA, Inc." companies: One incorporated in Florida ("Le Nid USA, Inc. (FLA)) and the other in New Mexico (Le Nid USA. Inc. (NM")).

18. Plaintiff was not aware, and Delaportas did not disclose, that Le Nid USA, Inc. (FLA) was a defunct corporation and Le Nid USA, Inc. (NM) was a shell company with no assets.

19. At this time, Defendants Delaportas, Schuyler and Hodge were aware that neither Le Nid USA, Inc. (NM) nor Le Nid USA, Inc. (FLA) were financially able to perform under the Le Nid Consulting Agreement, and that Plaintiff would be unable to recover damages in the event either entity decided to breach the Le Nid Consulting Agreement.

20. Le Nid USA, Inc. and Plaintiff entered into the Le Nid Consulting Agreement and Assignment to be effective January 1, 2023. (Exhibit 1).

21. The Le Nid Consulting Agreement contained the following provisions:

**CONSULTING SERVICES**: Consultant shall provide to Le Nid expertise in all matters of strategic business endeavors and guidance as requested by Le Nid and its authorized officer and directors.

**TERM**: The initial Term of this Agreement commences on the Effective Date (January 1, 2023) and will end on December 31,

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

5

2023. This Agreement automatically renew for successive one year periods unless either Party gives the other a notice of termination no later than October 31, of the then effective term. Notice may be given by email, text or any other documented method.

TERMINATION: This Agreement may be terminated by either Party for gross malfeasance or gross dereliction of obligations hereunder. This contract may be terminated by any party at any time.

22.     The last sentence of the TERMINATION provision above was added according to Delaportas "at the advice of counsel" to confirm that termination for "gross malfeasance or gross dereliction of obligations" could be invoked at any time.

23.     On matters involving litigation or pre-litigation disputes, Plaintiff worked under the direction of Delaportas and Le Nid's counsel, Mr. Ausin Woods, an Arizona attorney ("Woods") and Mr. Rich Rossi, a Florida attorney ("Rossi"). Plaintiff would conduct due diligence investigations and prepare draft letters for Woods to review and send out.

24.     On other matters, such as contract reviews, Plaintiff would review the contracts from a business perspective and make strategic comments where necessary.

25.     Plaintiff submitted his invoices to LNCI through "bill.com", and each month between January and June 2023, LNCI made the payments as agreed (6 payments).

**B.      The Crèmily – Le Nid Enterprise.**

26.     The Crèmily-Le Nid Enterprise is a combination of companies, entities, and individuals whose primary purpose was the manufacture of Crèmily Products.

27.     Le Nid USA, Inc. and LNCI are a part of the Crèmily-Le Nid Enterprise which consists of the following entities:

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

6

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

A.    Le Nid, Inc.;

B.    Le Nid USA, Inc., a defunct Florida corporation;

C.    Le Nid USA, Inc., a New Mexico Corporation;

D.    Le Nid Consortium International. Inc. ("LNCI");

E.    Le Nid Brands, Inc.;

F.    Le Nid Bottling, Inc.;

G.    Le Nid Creamery San Diego, Inc.;

H.    Le Nid Bottling California, Inc.;

I.    Le Nid Technologies, Inc.;

J.    Le Nid Intellectual Property, Inc.;

K.    Crèmily , Inc.;

L.    The Crèmily Foundation, (a 501(c)(3) charitable organization;

M.    Kylie Schuyler;

N.    Douglas Hodge;

O.    Steven Delaportas *aka* Steven Dellaportas; and

P.    Upon information and belief, Le Nid Asia, Inc. and Superfrutas Beverage Company, Inc.

28.    A flow chart based on the allegations in this Complaint is appended as Exhibit 2.

29.    According to statements made by Delaportas to Plaintiff, the Crèmily – Le Nid Enterprise is/was to organized for the purpose of funding a charitable organization, Global G.L.O.W. operated by Schuyler.

7

30. The individuals running, controlling and managing the Crèmily – Le Nid Enterprise were/are Schuyler, Hodge and Delaportas.

**C.** **Relationships Between Schuyler, Hodge, Delaportas And The Crèmily -Le Nid Enterprise.**

31. At all times relevant hereto, Delaportas held himself out as an officer or director with full authority to act for:

A. LNCI;

B. Le Nid USA, Inc.;

C. IGHG;

D. Le Nid Bottling, Inc.;

E. Clean Bottling, Inc.;

F. The Crèmily Foundation; and

G. Le Nid Creamery San Diego, Inc.

32. At all times relevant hereto, Hodge was acting as the Chief Financial Officer of The Crèmily Foundation and the funder of the Crèmily-Le Nid Enterprise.

33. At all times material herein, Schuyler was acting as the officer or director of:

A. Global G.LO.W.;

B. The Crèmily Foundation;

C. Le Nid Consortium International, Inc.;

D. Le Nid USA, Inc. (FLA);

E. Le Nid USA, Inc. (NM);

F. Crèmily, Inc.;

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

8

G.      Le Nid Brands, Inc.;

H.      Le Nid Bottling, Inc.;

I.      Le Nid Technologies, Inc.;

J.      Le Nid Intellectual Property, Inc.; and

K.      IGHG

34.     Numerous Crèmily – Le Nid  Enterprise corporations and foundation, namely LNCI, Crèmily, Inc., Le Nid Brands, Inc., Le Nid Bottling, Inc., Clean Bottling, Inc. Le Nid Holdings, Inc., Le Nid Creamery San Diego, Inc., Le Nid Bottling, California, Inc., Le Nid, Inc., Le Nid Intellectual Property, Inc., Le Nid Asia, Inc. and Superfrutas Beverage Company, Inc. listed a common address of 4400 N. Scottsdale Rd., #308, Scottsdale, Arizona 85251 as their business location.

35.     4400 N. Scottsdale Rd., #308, Scottsdale, Arizona 85251 is/was actually a mail drop box owned and managed by Delaportas and/or IGHG.

36.     Numerous Crèmily – Le Nid companies used Delaportas' email "sd@ighgi" as their email address.

37.     The "sd@ighgi" email address belongs to Delaportas.

38.     Numerous Crèmily – Le Nid companies used IGHG's phone number as their own.

39.     Schuyler, Delaportas, all of Le Nid designated entities including Le Nid USA, Inc. (FLA), Le Nid USA, Inc. (NM), LNIC, IGHG and Clean Bottling were at all relevant times represented by the same attorney Austin James Woods ("Woods").

40.     Crèmily – Le Nid Enterprise entities:

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

A.    Were/are controlled and managed by common officers, directors and control persons, namely, Schuyler, Hodge and Delaportas;

B.    Were/are under-capitalized;

C.    Failed to maintain separate corporate identities; and

D.    Failed to maintain corporate books and records of account until such books and records were "updated" in the summer of 2023.

D.    **Events leading up to the breach of the Le Nid Consulting Agreement.**

41.    During the Summer of 2023, a conflict developed between Delaportas on one hand and Schuyler and Hodge on the other. Upon information and belief, Delaportas was accused of mismanagement and waste of Hodge's monies and Schuyler and Hodge demanded a restructuring of the work force, management and operations of LNCI, and as a result, LNCI significantly reduced its workforce and other operational costs.

42.    As a further result, effective July 1, 2023, LNCI ceased making payments to Plaintiff pursuant to the Le Nid Consulting Agreement, while still requiring him to provide consulting services.

43.    LNCI's and Le Nid USA, Inc.'s cessation of payments to Plaintiff constituted a breach of the Le Nid Consulting Agreement.

44.    On June 19, 2023, Delaportas met with Plaintiff at LNCI offices to allay concerns related to Delaportas by LNCI's attorneys Woods and Rossi.

45.    At the meeting, Delaportas stated that Woods and Rossi were concerned that Plaintiff was providing "legal services" to Delaportas without first discussing them

10

with Rossi and Woods. Delaportas and Plaintiff also discussed LNCI's plan to offer LNCI stock through a public offering.

46.    As a strategic matter, Plaintiff advised Delaportas that before any public offering of LNCI stock is made, Delaportas would have to remove LNCI from any association with Hodge, a convicted felon, and Delaportas himself, also a convicted felon.

47.    The following contemporaneous note made by Plaintiff of the meeting accurately reflects the events at the meeting:

> "Mtg w/SD. No one else at the office (Juneteenth).  SD says that Rich is concerned with my involvement and will discuss at a meeting with Rich, SD and me this week. SD confirms that no matter what, my contract is secure and will be continued into 2024 + stock.  SD expects to go public this year. We discuss the issues regarding background of people involved - Kylie, SF (should say "SD"), Todd, Jeff Goeson (from Angelo), Richard Rossi (from Angelo) and how these are going to impact the initial offering. Kylie and SD are squarely behind me because of my unique perspectives."[1]

48.    Following the June 19, 2023 meeting with Delaportas, Plaintiff contacted Woods and Rossi to address their concerns. Rossi and Woods indicated that they were concerned with Plaintiff's direct communications with Delaportas without contacting them first. It was agreed that to resolve this issue, Woods would prepare a one page agreement to the effect that all requests for services would be relayed by Delaportas to Rossi and/or Woods, who would in turn send the request for services to Plaintiff, who would in turn respond to Rossi and/or Woods, who would then relay the services to Delaportas. Rossi suggested that Woods prepare a one page document memorializing this procedure, and Woods agreed to do so.

---

[1] Spelling and grammar errors in the original note.

11

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

49.  Woods never prepared a document memorializing this agreed upon procedure.

50.  On July 7, 2023, Plaintiff, by email, requested a meeting with Delaportas:

At your request you and I met on June 19, 2023 at Le Nid to discuss Rich Rossi's concerns about my involvement. I made the following note to self:

"Mtg w/SD. No one else at the office (Juneteenth). SD says that Rich is concerned with my involvement and will discuss at a meeting with Rich, SD and me this week. SD confirms that no matter what, my contract is secure and will be continued into 2024 + stock. SD expects to go public this year. We discuss the issues regarding background of people involved - Kylie, SF (should say "SD"), Todd, Jeff Goeson (from Angelo), Richard Rossi (from Angelo) and how these are going to impact the initial offering. Kylie and SD are squarely behind me because of my unique perspectives."

I later spoke with Rich and Austin. It was agreed that I would no longer review issues directed to me by you, Alejandra, and others at the company; instead, the issues would be forwarded from you to Rich and/or Austin who in turn would forward the issues to me for a proposed resolution, but all the legal issues would then be reported to the Company through them. This would resolve the entire issue raised by Rich. Austin would prepare a one-page document documenting and confirming this hierarchy.

The proposed meeting between you, Rich and Austin never materialized. I have heard neither from Rich, Austin or, for that matter, from you.

In the meantime, I have filed my invoice for June, but the invoice has not been approved. I called Terry, but she did not return my call. I emailed Terry, but she has not responded. We need to remember that I had to refocus my priorities to provide support and achieve success for the Company pursuant to our contract. I remain available to continue this contract and, as you stated at our meeting on June 19, 2023, to continue into 2024. Based on our relationship, I am quite surprised.

We need to talk.

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

51. On July 28, 2023 Delaportas requested a meeting with Plaintiff to discuss, among other matters, the matter of a discharged LNCI employee "MH".

52. During their meeting, Plaintiff recommended that MH not be sued, and that the matter be resolved amicably. Rossi and Woods disagreed with Plaintiff's suggestion that the matter be resolved amicably and proceeded to file and serve MH with a summons and a complaint.

53. Subsequently, Woods asked Plaintiff to meet with Woods and Rossi to discuss "current cases" and, on August 24, 2023, Plaintiff met with Rossi and Woods at the Le Nid offices.

54. At the August 24, 2023 meeting, Rossi and Woods disclosed to Plaintiff that they were unaware of the Le Nid Consulting Agreement. Rossi and Woods inquired what Plaintiff's hourly rate was and Plaintiff responded that he was not paid hourly, but pursuant to the Le Nid Consulting Agreement. Both Rossi and Woods expressed surprise and requested a copy of the Le Nid Consulting Agreement which Plaintiff emailed them later in the day. Rossi and Woods again requested, and Plaintiff again consented, that Plaintiff's further consulting services be channeled through Rossi and/or Woods, and that Plaintiff would no longer communicate his proposed business strategies directly with Delaportas.

55. Plaintiff agreed and made a contemporaneous note of the meeting outlining the details of the meeting as follows:

> Spoke briefly with SD who assured me that whatever RR and Austin decide, "you are secure here". Obviously, this was not going to be about discussing "current cases".

13

LATER I then met with RR and Austin. RR disclosed that he is the head of the Le Nid legal department. He requested that all work going forward when requested by SD go through them. I am OK with that. This was not about "current cases" as indicated by Austin. We did not talk about any "current cases". RR and Austin asked what my hourly rate was before I quit the practice. I told them $650.00. RR said this was a reasonable. They wanted to know what my current rate was. They were under the impression that I was working for Le Nid on hourly basis. I told them that I have monthly consulting contract. RR and Austin stated they did not know this. RR said that this is all different now. They asked how much. I told them $10K/month. RR asked if this was a written contract and if it was enforceable. I said yes. RR commented, "like a retainer". Exactly. I mentioned to RR that he had reviewed the consulting agreement prior to signing. He denied it. (Before SD signed off on the agreement, he told me he discussed the consulting agreement with corporate counsel who wanted to add language "This contract may be terminated by any party at any time ("for gross malfeasance or gross dereliction of obligations hereunder") RR asked me to withdraw the email I sent SD previously. I said ok. I offered to send them a copy of the consulting agreement. With this in mind, RR indicated that everything is fine.

LATER: I sent RR, Austin and SD email withdrawing my previous email to SD along with the consulting agreement and my unpaid invoice for July and August. I requested that SD authorize payment for the July invoice. [2]

56.    At this time, Plaintiff observed that the workforce at LNCI had been significantly reduced but was unaware that Hodge and Schuyler had become concerned with Delaportas' mismanagement of Le Nid, and instructed Delaportas to reduce the employee force in order to save money.

57.    Subsequently, Plaintiff received no further requests for consulting services from Delaportas, Rossi, Woods or anyone else at LNCI.

58.    No one ever communicated to Plaintiff that the Le Nid Consulting Agreement had been terminated.

---

[2] Spelling and grammar errors in the original note.

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

14

59.   On October 31, 2023, the Le Nid Consulting Agreement, by its terms, was automatically renewed for another year, that is, to December 31, 2024.

60.   There were no communications between Delaportas, Rossi and Woods on one hand, and Plaintiff on the other, between August 24, 2023 and November 5, 2023.

61.   On November 5, 2023, Plaintiff sent the following email to Delaportas, Rossi and Woods:

Gentlemen:

I have not heard from anyone since the August 24, 2023 meeting with Steven, Rich and Austin. No new assignments have been requested although I remain available 24/7. I have not been paid for July, August, September or October. Please let me know whether Le Nid intends to comply with the terms of the 2023-01-01 Consulting Agreement.

**E. Settlement of the Breach of the Le Nid Consulting Agreement and the new Clean Bottling Consulting Agreement.**

62.   At all times relevant to the settlement discussions described below, Delaportas was acting with the full knowledge and acquiescence of Schuyler and Hodge and as the agent and CEO for Le Nid USA, Inc. (FLA), Le Nid USA, Inc. (NM), and LNCI, an officer and agent of The Crèmily Foundation, and the President/CEO of Clean Bottling.

63.   On November 21, 2023, Plaintiff met with Delaportas at Matt's Big Breakfast on Camelback Road to discuss a resolution of Le Nid's breach of the Le Nid Consulting Agreement.

64.   At that meeting, Delaportas admitted that the Le Nid Consulting Agreement remained in effect, that Le Nid breached it, that Plaintiff was due the

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

15

monthly retainers since July of 2023, and that he was aware of the automatic extension of the Le Nid Consulting Agreement to December 31, 2024.

65. Delaportas also confirmed to Plaintiff that there had been a reduction in LNCI's workforce and that, as part of that reduction, he wanted to settle Plaintiff's claims against Le Nid for breach of the Le Nid Consulting Agreement.

66. Plaintiff and Delaportas were unable to reach a settlement at this time.

67. On December 4, 2023, Plaintiff again met with Delaportas and his executive secretary Alejandra Coy at LNCI offices to discuss settlement.

68. At the meeting, Delaportas offered to pay Plaintiff damages for the months of July to December of 2023 ($60,000.00), but could not agree to pay the damages for the breach of the one year extension of the Le Nid Consulting Agreement ($120,000.00).

69. As incentive to accept the $60,000 and release Le Nid and its officers, directors and agents from liability, Delaportas offered Plaintiff a new and separate consulting agreement with Clean Bottling, on the same material terms as the Le Nid Consulting Agreement.

70. Plaintiff orally accepted the settlement offer with LNCI and orally accepted Clean Bottling's offer for consulting services for 2024.

71. Plaintiff made the following contemporaneous note of the December 4, 2023 meeting:

Deal: Le Nid Pays $60,000. I release and terminate contracts. Clean Bottling comes in at $10K/month for year 2024.
Shake hands.

16

LATER: Send release and new agreement to Steven and Alejandra.

72. At the time of the offer of settlement and Plaintiff's acceptance of the settlement, Delaportas made the following implied promises and representations to Plaintiff:

    A. Le Nid intended to and was financially able to pay the settlement amount; and

    B. That Cean Bottling intended to and was financially able to pay under the Clean Bottling Consulting Agreement.

73. Neither Le Nid nor Clean Bottling were able to, nor did they intend to, pay the Settlement Agreement or the Clean Bottling Consulting Agreement.

74. Delaportas asked Plaintiff to prepare and email to him a confirmation memorializing the oral Le Nid Settlement Agreement and the new oral Clean Bottling Consulting Agreement.

75. Plaintiff emailed Delaportas a written Termination and Mutual Release Agreement on December 4, 2023 memorializing the oral settlement agreement.

76. Contemporaneously, Plaintiff sent Delaportas a draft Clean Bottling Consulting Agreement memorializing the oral Clean Bottling Consulting Agreement.

77. Le Nid did not execute the confirmation of the oral Le Nid Settlement Agreement nor pay the agreed upon settlement amount.

78. Clean Bottling did not execute the new Clean Bottling Consulting Agreement which confirmed the oral agreement reached on December 4, 2023.

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

17

79. Neither Plaintiff's Le Nid Consulting Agreement nor the Clean Bottling Consulting Agreement were ever terminated and remain in effect.

80. At all relevant times, Plaintiff has been ready, willing and able to provide strategic consulting services to Le Nid and to Clean Botling.

81. Defendants breached both the Le Nid Settlement Agreement and the new Clean Bottling Consulting Agreement.

82. On December 14, 2023, Delaportas sent a text to Plaintiff advising that he intended to send a couple of revisions to the confirmatory settlement documents to Plaintiff "by tomorrow or Monday. No legalese stuff."

83. Delaportas did not send any revisions to Plaintiff.

84. On December 22, 2023, Plaintiff again requested the proposed revisions, and Delaportas responded, "Okay".

85. On December 27, 2023, Plaintiff sent Delaportas a text stating:

Hi, Steven, are we going to ink the deal or not? This is becoming increasingly frustrating.

86. Delaportas never responded to Plaintiff's December 27, 2023 text.

87. As a result of Le Nid's and Delaportas' failure to pay the agreed upon sum of $60,000 and proceed with the Clean Bottling Consulting Agreement, the verbal Le Nid Settlement Agreement was abrogated and breached, the original Le Nid Consulting Agreement was not terminated, and remains effective until December 31, 2024.

88. The Clean Bottling Consulting Agreement, never having been terminated, remained in effect to December 31, 2024.

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

18

89. Clean Bottling never made any payments to Plaintiff under the Clean Bottling Consulting Agreement.

90. Plaintiff has remained ready, willing and able to continue providing consulting services to both LNCI and Clean Bottling, Inc.

F. **Plaintiff's Notice of Claims to Schuyler, Delaportas, Rossi and Woods.**

91. On January 3, 2024, Plaintiff emailed to Schuyler, Delaportas, Rossi and Woods a notice of his claims along with the draft complaint detailing his claims against Le Nid USA, Inc. (FLA), Le Nid USA, Inc. (NM), LNCI, Schyler, Hodge and Delaportas.

92. On January 16, 2024, Plaintiff emailed to Schuyler, Delaportas, Rossi and Woods the second notice of his claims.

93. On February 13, 2024, Clean Bottling, Inc. granted to IGHG a lien encumbering all Clean Bottling assets to IGHG as documented in the UCC Financing Statement No. 2024-000-9251-8. Both Clean Bottling and IGHG are owned by Delaportas.

94. On February 27, 2024, LNCI granted to Schuyler a lien encumbering all its assets as documented in UCC Financing Statement No. 2024-000-0849-0.

95. On May 30, 2024, (1) LNCI, (2) Le Nid Intellectual Property, Inc., (3) Le Nid Brands, Inc. (4) Crèmily, Inc., (5) Le Nid Holdings, Inc., (6)Superfrutas Beverage Company, Inc. (7) Le Nid Technologies, Inc. , (8) Le Nid Bottling, Inc., (9) Le Nid, Inc. (10) Le Nid USA, Inc., (11) The Crèmily Foundation, (12)Le Nid Asia, Inc., and (13)

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

19

Kylie Schuyler liened all their assets to CT Corporation Systems, as representative, as documented in UCC Financing Statement No. 2024-002-4478-3.

96. On or about June 1, 2024, Le Nid vacated its offices at 6991 E. Camelback.

G. **Instrumentality and Alter Ego.**

97. Schuyler, Hodge and Delaportas use different "Le Nid" designated entities, use the name "Dellaportas" instead of "Delaportas", and hide the involvement of Hodge to confuse, misrepresent, and defraud persons dealing with them, including Plaintiff.

98. Le Nid USA, Inc. (FLA), Le Nid USA, Inc. (NM), LNCI, Clean Bottling and IGHG (the "Corporate Defendant") are merely alter egos of the individual defendants which they use as a business conduit for their personal purposes.

99. The Corporate Defendants:

A. have common officers and/or directors;

B. are undercapitalized;

C. failed to maintain a separate corporate identity;

D. diverted corporate property for personal use; and

E. failed to maintain books and records until the Summer of 2023 when they "updated" the records;

100. Disregarding the corporate separateness of these Corporate Defendants is necessary to prevent injustice and fraud because the observance of Defendants

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

20

corporations' corporate form would and did confuse Plaintiff and frustrate his efforts to protect their rights, while allowing individual Defendants to evade liability.

101.    Defendants committed fraud sufficient to permit the piercing of corporate veil because, inter alia:

A.    They executed the January 1, 2023 Le Nid Consulting Agreement in the name of Le Nid USA, Inc., when they knew that (1) Le Nid USA, Inc. was a defunct Florida corporation, (2) Le Nid USA, Inc. (NM) was undercapitalized, (3) LNCI was undercapitalized;

B.    They entered into the December 4, 2023 Le Nid Settlement Agreement when they knew that Le Nid USA, Inc., when they knew that (1) Le Nid USA, Inc. was a defunct Florida corporation, (2) Le Nid USA, Inc. (NM) was undercapitalized, (3) LNCI was undercapitalized; and

C.    They entered into the December 4, 2023, Clean Bottling Consulting Agreement when they knew that Clean Bottling could not perform, and had no intention to perform, the Clean Bottling Consulting Agreement.

## COUNT ONE

**(Fraud in the Execution of the written January 1, 2023 Le Nid Consulting Agreement, the December 4, 2023 oral Settlement Agreement and the December 4, 2024 oral Clean Bottling Consulting Agreement against all Defendants except IGHG and CT Corporation System)**

102.    Plaintiff realleges all allegations elsewhere in this First Amended Complaint.

103.    Delaportas, as agent for LNCI, Le Nid USA, Inc. (FLA) and Le Nid USA, Inc. (NM), with the consent and approval of Schuyler and Hodge, made the following

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona  85012
(602) 258-2614

statements to Plaintiff prior to the execution of the January 1, 2023 Le Nid Consulting Agreement:

    A.    That the Le Nid Consulting Agreement would be made with Le Nid USA, Inc. (either FLA or NM) "for accounting purposes";

    B.    That LNCI was sufficiently funded by Hodge in the amount of $1 billion to pay its contractual obligations to Plaintiff; and

    C.    The Defendants had the intent and the ability to pay their contractual obligations to Plaintiff.

104.    Delaportas, as agent for LNCI, Le Nid USA, Inc. (FLA) and Le Nid Inc. (NM), and Clean Bottling, with the consent and approval of Schuyler and Hodge, made the following implied statements regarding the oral December 4, 2023 Le Nid Settlement Agreement and the oral December 4, 2023 Clean Bottling Agreement that:

    A.    That Le Nid entities were sufficiently funded by Hodge in the amount of $1 billion to pay their contractual obligations to Plaintiff; and

    B.    The Defendants had the intent and the ability to pay their contractual obligations agreed to on December 4, 2023.

105.    Defendants' representations listed in the preceding two paragraphs were false because:

    A.    The Le Nid Consulting Agreement was not taken in the name of Le Nid USA, Inc. "for accounting purposes" but rather to avoid liability; and

    B.    Defendants were not sufficiently funded to satisfy the Le Nid Consulting Agreement, the December 4, 2023 Le Nid Settlement

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

22

Agreement or the December 4, 2023 Clean Bottling Consulting Agreement.

106.   Defendants were fully aware of the falsity of these statements and made them with the intent that Plaintiff rely on them.

107.   Plaintiff was ignorant of the falsity of Defendants' statements and reasonably relied on them to his detriment.

108.   Defendants were consciously aware of the wrongfulness or harmfulness of their conduct and yet intentionally with an evil mind acted in deliberate contravention to the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the entry of judgment against Steven Delaportas, Kylie Schuyler, Douglas Hodge, Le Nid Consortium International, Inc., Le Nid USA, Inc. (NM), Le Nid USA, Inc. (FLA), and Clean Bottling as follows:

A.   Compensatory damages in an amount to be determined at trial but in no event less than $300,000 in the aggregate;

B.   Punitive damages designed to deter these Defendants and others similarly situated from committing fraud of the type committed by Defendants;

C.   Taxable costs pursuant to A.R.S. §12-341; and

D.   Insofar as this fraud arises out of contract. attorney's fees pursuant to A.R.S. §12-341.01; and

E.   Such other relief as the Court may find proper.

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

23

## COUNT TWO

**(Breach of the (1) written January 1, 2023 Le Nid Consulting Agreement, (2) December 4, 2023 oral Settlement Agreement and (3) December 4, 2024 oral Clean Bottling Consulting Agreement against all Defendants except IGHG and CT Corporation System)**

109.   Plaintiff realleges all allegations elsewhere in this First Amended Complaint.

110.   Defendants breached the written January 1, 2023 Le Nid Consulting Agreement, the oral December 4, 2023 Le Nid Settlement Agreement and the oral December 4, 2023 Clean Bottling Consulting Agreement.

111.   Plaintiff has been damaged by Defendant's breaches.

WHEREFORE, under the theories of direct liability, instrumentality and alter ego, prays for judgment against Defendants Schuyler, Hodge, Delaportas, Le Nid USA, Inc. (FLA), Le Nid USA, Inc. (NM), LNCI and Clean Bottling as follows:

A.   Amount due under the Le Nid Consulting Agreement in the sum of $180,000.00;

B.   Amount due under the Clean Bottling Consulting Agreement in the sum of $120,000.00;

C.   Interest on all the above amounts pursuant to ARS § 44-1201(B);

D.   Taxable costs pursuant to A.R.S. §12-341;

E.   Attorney's fees pursuant to A.R.S. §12-341.01; and

F.   Such other relief as the Court may find proper.

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

24

## COUNT THREE

**(Breach of covenant of good faith and fair dealing with respect to the (1) written January 1, 2023 Le Nid Consulting Agreement, (2) December 4, 2023 oral Settlement Agreement and (3) December 4, 2024 oral Clean Bottling Consulting Agreement against all Defendants except IGHG and CT Corporation System)**

112. Plaintiff realleges all allegations elsewhere in this First Amended Complaint.

113. The covenant of good faith and fair dealing is implicit in the written January 1, 2023 Le Nid Consulting Agreement, the oral December 4, 2023 Le Nid Settlement Agreement and the oral December 4, 2023 Clean Bottling Consulting Agreement.

114. All parties agreed that none of them would act so as to impair the right of the other to receive the benefits which flow from their agreements or contractual relationships.

115. By their conduct, the Defendants breached the covenant of good faith and fair dealing.

WHEREFORE, Plaintiff prays for judgment against the Defendants Schuyler, Hodge, Delaportas, Le Nid USA, Inc. (FLA), Le Nid USA, Inc. (NM), LNCI and Clean Bottling as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For taxable costs pursuant to A.R.S. §12-341;

C. Insofar as this fraud arises out of contract, attorney's fees pursuant to A.R.S. §12-341.01; and

D. Such other relief as the Court may find proper.

25

## COUNT FOUR

**(Violation of the Uniform Fraudulent Transfer Act against all Defendants)**

116.    Plaintiff realleges all allegations elsewhere in this First Amended Complaint.

117.    As evidenced by the UCC Financing Statement filed with the Arizona Secretary of State on February 13, 2024. Both Clean Bottling and IGHG are owned by Delaportas.

118.    Schuyler is IGHG's treasurer.

119.    As evidenced by the UCC Financing Statement filed with the Arizona Secretary of State on February 27, 2024 (No. 2024-000-0849-0), LNCI granted a lien to Schuyler encumbering all of its assets.

120.    As evidenced by the UCC Financing Statement filed with the Arizona Secretary of State on May 30, 2024, the Crèmily-Le Nid Enterprise entities liened all of their assets to a foreign corporation, Ct Corporation System, as Representative.

121.    All members of the Crèmily-Le Nid Enterprise, and Schuyler granted a lien to CT Corporation System as Representative encumbering all their assets.

122.    Plaintiff has not been able to, as of this date, ascertain who CT Corporation System is the representative of.

123.    The above encumbrances of assets by the Defendants constituted fraudulent conveyances under ARS § 44-1001, *et. seq.*

26

124. The above encumbrances were made with actual intent to hinder, delay or defraud Plaintiff and were made without the listed debtors, Defendants herein, receiving reasonably equivalent value in exchange.

125. Defendants were consciously aware of the wrongfulness or harmfulness of their conduct and intentionally acted in deliberate disregard of the rights of the Plaintiff.

WHEREFORE, Plaintiff requests relief as follows:

A.    Avoidance of the transfers to the extent necessary to satisfy Plaintiff's claims as follows: $180,000 for breach of the January 1, 2023 Le Nid Consulting Agreement and $120,000 for breach of the oral December 4, 2023 Clean Bottling Consulting Agreement;

B.    Punitive damages in such amount as determined by the Court to deter these Defendants and others similarly situated from committing fraud of the type committed by Defendants;

C.    Taxable costs pursuant to A.R.S. §12-341;

D.    Insofar as this fraud arises out of contract. attorney's fees pursuant to A.R.S. §12-341.01; and

E.    Such other relief as the Court may find proper.

## COUNT FIVE
### (Civil Conspiracy against Schuyler, Hodge and Delaportas)

126. Plaintiff realleges all allegations heretofore set forth as if fully set forth herein.

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

27

127. Schuyler, Hodge and Delaportas conspired and agreed among themselves to commit fraud as alleged above.

128. Schuyler, Hodge and Delaportas succeeded in committing fraud.

129. Plaintiff has been damaged by Schyler's, Hodge's and Delaportas' agreement to commit fraud.

WHEREFORE, Plaintiff prays for judgment against Defendants Schuyler, Hodge and Delaportas as follows:

A.    Amount due under the January 1, 2023 Le Nid Consulting Agreement in the sum of $180,000.00;

B.    Amount due under the Clean Bottling Consulting Agreement in the sum of $120,000.00;

C.    Interest on all the above amounts pursuant to ARS § 44-1201(B);

D.    Taxable costs pursuant to A.R.S. §12-341;

E.    Attorney's fees pursuant to A.R.S. §12-341.01; and

F.    Such other relief as the Court may find proper.

## COUNT SIX
### (Negligence against All Defendants)

124. Plaintiff realleges all allegations heretofore set forth as if fully set forth herein.

125. Defendant owed a duty to Plaintiff based upon public policy not to commit common law fraud or violate Arizona's Uniform Fraudulent Transfer Act (ARS § 44-1201, *et. seq.*).

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

28

126. Defendants breached the above described duties to Plaintiff by reason of their conduct complained hereinabove.

127. Defendants were consciously aware of the wrongfulness or harmfulness of their conduct and yet intentionally acted in deliberate disregard of the rights of the Plaintiff.

128. As a result of Defendant's conduct as alleged above. Plaintiff has sustained damages in the amount to be proven at trial.

WHEREFORE, Plaintiff requests relief as follows:

      A.     damages in the sum of $300,000;

      B.     Taxable costs pursuant to A.R.S. §12-341;

      C.     Interest at the highest legal rate; and

      D.     Such other relief as the Court may find proper.

Dated this 19th day of November, 2024.

DONALD J. NEWMAN PC
By: /s/ Donald J. Newman
Donald J. Newman
Attorneys for Plaintiff

**ORIGINAL** of the foregoing e-filed this 19th day of November, 2024 with:

Clerk of Court
Maricopa County Superior Court

**COPY** of the foregoing furnished by U.S. Mail this 19th day of November, 2024 to:

Mark D. Chester, Esq.
CHESTER LAW, PLLC
9332 N. 95th Way, Ste. 109
Scottsdale, AZ 85258

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

29

*Attorney for Defendants*

By: /s/ *Elizabeth L. Shenberg*

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona  85012
(602) 258-2614

30

## EXHIBIT 1

## CONSULTING AGREEMENT AND ASSIGNMENT

This Consulting Agreement ("Agreement") is entered effective on the 1st day of January, 2023 ("Effective Date"), by and between Peter Strojnik ("Consultant") Le Nid USA, Inc. ("Le Nid") (collectively "Parties").

**RELATIONSHIP BETWEEN THE PARTIES:** The Parties agree that the Consultant is an independent contractor. Under no circumstances shall the Consultant be considered an employee of Le Nid. This Agreement does not create a partnership between Le Nid and Consultant.

**CONSULTANT SERVICES:** Consultant shall provide to Le Nid expertise in all matters of strategic business endeavors and guidance as requested by Le Nid and its authorized officers and directors.

**CONSIDERATION FOR SERVICES:** Le Nid shall pay to Consultant a monthly fee of Ten Thousand Dollars ($10,000.00) payable on the last day of the month.

**IRREVOCABLE ASSIGNMENT:** Consultant hereby irrevocably assigns the entire Ten Thousand Dollars ($10,000.00) monthly consideration to Consultant's former spouse, Mrs. Tanya Strojnik, pursuant to spousal maintenance orders and judgments of the La Paz County Superior Court in the matter of *In Re The Marriage of Strojnik* (DO 2013-00120) and the UCC statements recorded pursuant thereto filed with the Arizona Secretary of State at No. 2013-175-9296-5. The payment shall be made to Tanya C. Strojnik and mailed to 7847 North Central Ave., Phoenix, Arizona 85020. Notwithstanding the assignment, the consideration for consulting services shall be income to Consultant and shall be so reported on IRS Form 1099.

**CONFIDENTIALITY:** The terms of this Agreement, and any information exchanged between the Parties shall be deemed a trade secret and shall be kept strictly confidential.

**TERM:** The initial Term of this Agreement commences on the Effective Date and will end on December 31, 2023. This Agreement automatically renew for successive one year periods unless either Party gives the other a notice of termination no later than October 31, of the then effective term. Notice may be given by email, text or any other documented method.

**TERMINATION:** This Agreement may be terminated by either Party for gross malfeasance or gross dereliction of obligations hereunder. This contract can be terminated by any party at any time.

**OWNERSHIP:** Services provided by Consultant shall be the exclusive property of Le Nid.

**GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona.

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

31

SEVERABILITY: In an event where any provision of this Agreement is found to be void and unenforceable by a court of competent jurisdiction, then the remaining provisions will remain to be enforced in accordance with the Parties' intention.

ENTIRE AGREEMENT: This Agreement contains the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof, and supersedes all prior agreements, understandings, inducements and conditions, express or implied, oral or written, of any nature whatsoever with respect to the subject matter hereof. The express terms hereof control and supersede any course of performance and/or usage of the trade inconsistent with herewith.

AMENDMENTS: Any amendments made to this Agreement shall be in writing signed by both Parties.

ACCEPTANCE: This Agreement may be executed electronically.

LE NID USA, INC.                              PETER STROJNIK

By _____                    _____
Its Authorized Agent

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

# EXHIBIT 2
## CRÈMILY -LE NID GRAPHIC

DONALD J NEWMAN PC
5225 North Central Avenue, Suite 109
Phoenix, Arizona 85012
(602) 258-2614

33