Jeffrey A. Feasby, State Bar No. 208759
Evan C. Flores, State Bar No. 325006
PEREZ VAUGHN & FEASBY Inc.
600 B Street, Suite 2100
San Diego, California 92101
Telephone: (619) 702-8044
Facsimile: (619) 460-0437
Email: feasby@pvflaw.com
        flores@pvflaw.com

Attorneys for Defendants
Kylie Schuyler and Douglas Hodge

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>v.<br><br>KYLIE SCHUYLER, and DOUGLAS HODGE,<br><br>Defendants. | Case No. 8:25-cv-01944-JVS-JDE<br><br>Hon. James V. Selna<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION**<br><br>**[F.R.C.P. 12(b)(6), (7)]**<br><br>Date:     March 16, 2026<br>Time:     1:30 p.m.<br>Courtroom: 10C |

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................ 1

II.   LEGAL ANALYSIS ....................................................................... 3

A.    The Court Should Dismiss the Case Under *Colorado River*......... 3

B.    Plaintiff Has Failed to Demonstrate that He Has Stated Valid Claims Against Defendants............................................................. 4

    1.    The Complaint Fails to Allege a Basis for Alter Ego Liability................................................................................... 6

    2.    Plaintiff Has Failed to Properly Allege Facts Establishing Conspiracy................................................................................ 7

    3.    The Complaint Fails to Allege Fraud or Promissory Fraud 7

    4.    Defendants Cannot be Liable for Breach of Contract.......... 9

    5.    The Complaint Fails to Allege a Claim for Breach of Covenant of Good Faith and Fair Dealing ......................... 9

    6.    Plaintiff Cannot Assert a Claim Against Hodge for Intentional Interference with Contract............................. 10

C.    Plaintiff's Fraudulent Conveyance Claim Should be Dismissed for Failure to Add a Necessary Party ............................................... 11

III.  CONCLUSION............................................................................. 11

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION

# TABLE OF AUTHORITIES

**Federal Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980) ................................................................ 5

*American Ice Machine Co. v. Modern Ice Equip. Co., Inc.*,
763 F.Supp.3d 1149,  (S.D. Cal. 2025) ........................................................... 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................... 5

*Conservation Force v. Salazar*, 677 F.Supp.2d 1203 (N.D. Cal. 2009) ........... 8

*Ernest Bock, LLC v. Steelman*, 76 F.4th 827 (9th Cir. 2023) ...................... 1, 3

*Homsy v. Bank of America, N.A.*,
No. C 13-01608, 2013 WL 2422781 (N.D. Cal. June 3, 2013) ....................... 8

*Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007) ......................................... 7

*Mendocino Railway v. Ainsworth*, 113 F.4th 1181 (9th Cir. 2024) ............. 3, 4

*mm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ........................ 5

*Moore v. Apple, Inc.*, 73 F.Supp.3d 1191, 1205 (N.D. Cal. 2014) .................... 8

*S.E.C. v. Hickey*, 322 F.3d 1123 (9th Cir. 2003) ............................................... 6

*S.E.C. v. Hickey*, 335 F.3d 834 (9th Cir. 2003) ............................................... 6

*Strojnik v. Panera Bread Co.*, No. 1:22-cv-00682-JTL-BAK (SAB), 2022 WL
2287274 (E.D. Cal. June 23, 2022) ................................................................ 7

*United States v. Wright*, 46 F.4th 938 (9th Cir. 2022) ..................................... 5

**State Cases**

*Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571 (1986) ................................ 5

*Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566 (1973) ................................. 10

*Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal.5th 1130 (2020) .......................... 11

*Johnson International, Inc. v. City of Phoenix*, 192 Ariz. 466 (1998) ........... 10

*People v. Beaumont Investment, Ltd.*, 111 Cal.App.4th 102 (2003) ................. 7

*Rawlings v. Apodaca*, 151 Ariz. 149 (1986) .................................................... 10

**Statutes and Rules**

28 U.S.C. § 1738 ................................................................................................. 5

Federal Rules of Civil Procedure 12(b)(7), 19(b) ............................................ 12

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION

## I.     <u>INTRODUCTION</u>

Defendants' motion argues that the Court should dismiss or stay this action under the *Colorado River* doctrine based on the pendency of the parallel proceeding in Arizona involving the same issues. Plaintiff Peter Strojnik's (Plaintiff) opposition to Defendants' motion is based entirely on the holding in *Ernest Bock, LLC v. Steelman*, 76 F.4th 827 (9th Cir. 2023), which has since been limited by the Ninth Circuit such that it does not apply to this case. Therefore, since the *Colorado River* factors favor abstention as set forth in Defendants' moving papers, the Court should grant the motion and dismiss this case. Otherwise, the Court should stay this action pending resolution of the underlying Arizona case.

Alternatively, the Court should also dismiss the case based on Plaintiff's failure to properly allege any claim for relief against Defendants. Plaintiff concedes that he never spoke directly to either of Defendants and that they are not parties to the Consulting Agreement at issue. Instead, Plaintiff claims that Defendants are liable as the alter egos of the only other party to the Consulting Agreement, Le Nid USA, and as co-conspirators with third party Steven Delaportas. However, as established by Defendants' moving papers, Defendants cannot be liable under an alter ego theory because the Complaint does not allege that they are owners of Le Nid USA. Absent ownership, Defendants cannot be liable for alter ego as a matter of law.

The Complaint also fails to allege facts establishing a conspiracy between Defendants and Delaportas. Instead, the Complaint includes conclusory allegations regarding the parties' intent to undertake the "Crémily Project," including entering into the Consulting Agreement and subsequently breaching that agreement. However, conspiracy requires an agreement to commit wrongful acts. Here, the Complaint's allegations

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION

merely show business decisions made through normal corporate channels. Since Plaintiff cannot allege that Defendants entered into an agreement to commit wrongful acts, he cannot allege a conspiracy. Therefore, these claims should also be dismissed.

Moreover, the Complaint fails to properly allege any of the underlying causes of action as a matter of law. Plaintiff's arguments aside, the Complaint fails to allege fraud because is not plausible that Plaintiff, an attorney, who claims he was recruited to provide strategic services, would rely on representations that Le Nid USA was the contracting party for accounting purposes and that payment of his fees were guaranteed by Hodge's funding of the project with a $1 billion. The Complaint also fails to plausibly allege promissory fraud because the allegations demonstrate that (1) Le Nid USA made payments for six months before it defaulted; and (2) the Complaint alleges that Le Nid USA stopped making payments for business reasons. Accordingly, the fraud claims should be dismissed.

Further, Defendants cannot be liable for Le Nid USA's breach of contract or breach of the covenant of good faith and fair dealing as a matter of Arizona law since they were not parties to the Consulting Agreement. In addition, the conduct alleged to have breached the covenant occurred either before Plaintiff entered into the Consulting Agreement with Le Nid USA or after Le Nid USA had already breached that agreement. Therefore, the Complaint does not allege conduct that could have breached the covenant. Finally, despite Plaintiff's arguments to the contrary, the Consulting Agreement was an at-will contract. Therefore, Hodge cannot be liable for intentional interference with that contract based on the allegations in the Complaint.

Plaintiff concedes that he has failed to include a necessary party – the beneficiary of the UCC liens – under his fraudulent transfer claim. Plaintiff

asks the Court for leave to conduct discovery but offers no authority that would allow him to conduct that discovery in lieu of the Court dismissing this claim. However, under the relevant rules, this claim should be dismissed.

For all of these reasons, and for the reasons set forth in Defendants' moving papers, Defendants' motion should be granted, and the Complaint should be dismissed in its entirety.

## II.   LEGAL ANALYSIS

### A.   The Court Should Dismiss the Case Under *Colorado River*

Plaintiff relies entirely on *Ernest Bock* to argue that the *Colorado River* doctrine does not apply in this case. Specifically, Plaintiff contends that under *Ernest Bock*, *Colorado River* can only be applied in cases where the state court action will fully resolve the issues pending in the district court. (Doc. 34, 13:17-148.) However, in *Mendocino Railway v. Ainsworth*, 113 F.4th 1181 (9th Cir. 2024), the Ninth Circuit was clear that *Ernest Bock* did not abrogate prior precedent that exact parallelism is not required, and actions that are a "spin-off" of state litigation can be found sufficiently similar to warrant a stay. *Id.* at 1191-1192. Instead, the court expressly limited its holding in *Ernest Bock* to those cases where the outcome in the state court action could only result in "binary outcomes," that is, where it is "a realistic probability – bordering on certainty – that one of two anticipated outcomes in the state court … would then require additional proceedings in federal court." *Id.* at 1192. *See also Ernest Bock*, 76 F.4th at 840 n. 17 (distinguishing other cases where it was not clear that the state court proceeding could result in binary outcomes and where those cases did not find a "substantial doubt" the state proceedings would fail to resolve all federal issues). Thus, the court in *Mendocino* affirmed the district court's dismissal of an action under *Colorado River* doctrine "[a]lthough there is a

theoretical possibility the State Action will not fully resolve the Federal Action" because "there does not appear to be a realistic possibility that a federal controversy will remain after the state proceedings are complete." *Mendocino*, 113 F.4th at 1192.

Here, Defendants' liability is predicated entirely on the liability of the defendants in the Arizona case. If defendants prevail in that case, then Defendants cannot be liable in this case. Further, there are no federal issues in this case for the Court to resolve regardless of the result in the Arizona case. There is no "substantial doubt" that the Arizona case would fail to resolve federal issues. Therefore, *Ernest Bock* does not apply in this case.

Finally, Plaintiff contends that *Colorado River* is inapplicable because he has asserted a claim for intentional interference with contract against Hodge, which is not alleged in the Arizona case. The plaintiff in *Mendocino* made a similar argument, which the Ninth Circuit rejected, noting that the "federal complaint does not allege any other instances of an existing conflict … outside of those being litigated in the State Action." *Id.* at 1192. Here, Plaintiff's Complaint does not allege an existing conflict outside of his claims in the Arizona case, all of which relate to the negotiation and performance of the Consulting Agreement. Therefore, *Colorado River* applies.

As set forth in Defendants' moving papers, the relevant *Colorado River* factors favor the dismissal or stay of this action. Plaintiff failed to evaluate any of those factors, let alone establish that they do not favor dismissal. Therefore, the Court should dismiss this action under *Colorado River*.

**B.    Plaintiff Has Failed to Demonstrate that He Has Stated Valid Claims Against Defendants**

Initially, Plaintiff argues that the Arizona court's denial of a motion to dismiss the complaint in that case bars Defendants from contesting the ///

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION

sufficiency of the Complaint's allegations in this case. Plaintiff is wrong for at least two reasons.

First, although the language in Arizona's motion to dismiss statute is similar to that in Federal Rule of Civil Procedure 12(b)(6), Arizona courts do not apply the same standards required by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420 (2018) ("Arizona has not revised the language or interpretation of Rule 8 in light of *Twombly*."); *Lyon v. Helton*, No. 1 CA-CV 21-0130, 2022 WL 1788565, at *3 (Ariz. Ct. App. June 2, 2022) (rejecting application of "plausible on its face" standard). Therefore, the Court should conduct its own analysis of the validity of Plaintiff's claims under the proper standard and not defer to what the Arizona court did under another standard.

Second, issue preclusion does not apply because the order upon which Plaintiff relies is not a final judgment. Under 28 U.S.C. § 1738, federal courts must give preclusive effect to state court judgments whenever the courts of the state that issued the judgment would do so. *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980). Arizona requires, among other things, that the issue be actually litigated and essential to the final judgment. *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986).[1] Here, Plaintiff has failed to establish that there is a final judgment in the Arizona case, let alone that the issue was actually litigated. Therefore, the Arizona court's order on the

---

[1] Plaintiff quotes *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) and *United States v. Wright*, 46 F.4th 938 n. 9 (9th Cir. 2022) as supporting his contention that issue preclusion applies to the Arizona court's determination that he properly pled alter ego. However, neither of those cases dealt with application of issue preclusion. Instead, the quoted/cited portions of those cases are from the courts' analysis of the precedential impact of unpublished cases.

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION

defendants' motion to dismiss that case has no bearing on the Court's analysis of Defendants' motion.

### 1.    The Complaint Fails to Allege a Basis for Alter Ego Liability

As set forth in Defendants' moving papers, "[o]wnership is a prerequisite to alter ego liability, and not a mere 'factor' or 'guideline.' " *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003), opinion amended on denial of reh'g sub nom. *S.E.C. v. Hickey*, 335 F.3d 834 (9th Cir. 2003). Plaintiff does not dispute that he has failed to allege that Hodge was an owner of Le Nid USA. Therefore, the alter ego claims asserted against Hodge, and any potential liability based thereon, should be dismissed.

Plaintiff contends that he has sufficiently alleged that Schuyler was an owner of Le Nid USA by virtue of the allegations that:

> 'There was such a unity of interest and ownership between Le Nid USA, Inc. and Schuyler that it no longer existed as a separate entity…' and '[Le Nid USA, Inc. is] a members [sic] of the so called Crèmily – Le Nid Enterprise and share Schuyler as the common officer and director and Delaportas as the actual control person.'

(Doc. 34, 16:23-27.) However, these allegations are purely conclusory and lack sufficient factual support to establish plausibility under federal pleading standards. Further, "[a]s a general rule, courts do not liberally construe the filings of disbarred attorneys" like Plaintiff. *Strojnik v. Panera Bread Co.*, No. 1:22-cv-00682-JTL-BAK (SAB), 2022 WL 2287274, at * 12 (E.D. Cal. June 23, 2022) citing *Mann v. Boatright*, 477 F.3d 1140, 1148 n. 4 (10th Cir. 2007). Simply put, the Complaint fails to allege sufficient facts to establish that Schuyler was an owner of Lid Nid USA. Therefore, the Complaint's alter ego claims should be dismissed.

///

///

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION

### 2. Plaintiff Has Failed to Properly Allege Facts Establishing Conspiracy

Although not clearly articulated in the Complaint, Plaintiff's opposition confirms that he is trying to hold Defendants liable for conspiracy. However, Plaintiff cannot cite to any proper allegations in the Complaint establishing that Defendants entered into an agreement to commit wrongful acts. *See People v. Beaumont Investment, Ltd.*, 111 Cal.App.4th 102, 137 (2003) (conspiracy claim requires an agreement to commit wrongful acts). Here, Plaintiff argues that his allegations that Defendants engaged Delaportas to organize and manage the Crémily Project, ordered him to enter into the Consulting Agreement with Plaintiff and Le Nid USA for accounting purposes, and instructed him to stop making payment to Plaintiff evidence a "common plan" to fraudulently transfer assets and avoid liability. (Doc. 34, 17:23-18:8.) However, none of those allegations establish a plausible scheme to defraud and/or harm Plaintiff. As set forth in the moving papers, the only agreement alleged is the "common plan and design to bring Crémily products to market and to secure Plaintiff's assistance in their endeavor." (Doc. 1, ¶¶ 60, 65, 73.) At best, it shows that Defendants made business decisions through normal corporate channels. This does not establish any agreement to commit wrongful acts. Therefore, the Court should dismiss Plaintiff's conspiracy claims.

### 3. The Complaint Fails to Allege Fraud or Promissory Fraud

Plaintiff's opposition only addresses Defendants' argument that it was unreasonable for Plaintiff to rely on Delaportas' alleged misrepresentations. In so doing, Plaintiff effectively concedes that (1) Delaportas' alleged representation that Hodge's investment would guarantee payment violates Arizona's statute of frauds; (2) the Complaint fails to allege promissory fraud

because Le Nid USA fulfilled its obligation to pay Plaintiff $10,000 per month for six months; and (3) the Complaint alleges that Le Nid USA stopped making payments under the Consulting Agreement due to a dispute between Delaportas and Hodge and the resulting restructuring of LNCI's work force, management, and operations in order to significantly reduce operational costs. (Doc. 1, ¶¶ 24-26.) As a result, the Court should deem these claims waived and grant Defendants' motion on these separate grounds. *See American Ice Machine Co. v. Modern Ice Equip. Co., Inc.*, 763 F.Supp.3d 1149, 1156 (S.D. Cal. 2025) (citing *Conservation Force v. Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009)) (court deemed plaintiff's failure to address arguments in motion to dismiss as waiver of those claims); *see also Moore v. Apple, Inc.*, 73 F.Supp.3d 1191, 1205 (N.D. Cal. 2014) (quoting *Homsy v. Bank of America, N.A.*, No. C 13-01608, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013)) ("Where a plaintiff 'simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.' ").

Additionally, and despite Plaintiff's arguments to the contrary, the Court can dismiss the fraud claims because it is simply implausible that Plaintiff would rely on Delaportas' alleged misrepresentations that Plaintiff's payments under the Consulting Agreement would be guaranteed by Hodge's $1 billion investment in the Crémily Project. Plaintiff alleges he was retained to provide "strategic business services." (*Id.* at ¶ 11.) Given the sophisticated nature of this consulting arrangement, and the readily verifiable nature of corporate structure and funding, it was not reasonable for Plaintiff to simply rely on Delaportas' alleged representations that Plaintiff would be paid out of the $1 billion Hodge committed to his wife's frozen yogurt enterprise. At the very least, Plaintiff should have obtained a personal guarantee from Hodge if, indeed, he believed that Hodge's

investment was guaranteeing his payment. Under these circumstances, reasonable minds can only conclude that Plaintiff's alleged reliance on Delaportas' misrepresentations was not justifiable. Therefore, the Court should grant Defendants' motion to dismiss Plaintiff's fraud claims. *See Guido v. Koopman,* 1 Cal.App.4th 837, 843 (1991) ("whether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts.").

### 4.     Defendants Cannot be Liable for Breach of Contract

Plaintiff argues that Defendants are liable for breach of contract as alter egos of Le Nid USA and because they were Delaportas' principals.[2] But the Complaint has failed to properly allege a basis for alter ego liability as set forth above. Further, Plaintiff has failed to cite to any authority that would subject Defendants to liability for breach of contract as principals of the signor of a contract on behalf of a company. Therefore, this claim should be dismissed.

### 5.     The Complaint Fails to Allege a Claim for Breach of Covenant of Good Faith and Fair Dealing

Plaintiff fails to directly address any of the arguments Defendants raised in support of dismissal of the claim for breach of the covenant of good faith and fair dealing. As a preliminary matter, Defendants cannot be liable for breach of the covenant as non-parties to the Consulting Agreement.[3]

---

[2] Plaintiff argues that Defendants are liable for Le Nid USA's breach of the Consulting Agreement and the "Settlement Agreement." While Plaintiff's complaint in the Arizona action asserted a claim for breach of the Settlement Agreement (Doc. 34-1, p. 25 [the Arizona court dismissed that claim on statute of frauds grounds (Doc. 34-2, p. 4)]), the Complaint only asserts a claim for breach of the Consulting Agreement.

[3] Defendants also cannot be liable for alter ego or conspiracy as established above.

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION

*See Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 576 (1973) ("non-insurer defendants were not parties to the agreements for insurance; therefore, they [were] not, as such, subject to an implied duty of good faith and fair dealing"); *Rawlings v. Apodaca*, 151 Ariz. 149, 153 (1986) ("The essence of that duty is that neither **party** will act to impar the right of the other to receive the benefits which flow from their agreement or contractual relationship." [Emphasis added.]). Plaintiff failed to address this argument.

Plaintiff also failed to address Defendants' argument that the alleged breaches of the covenant – entering into the Consulting Agreement with no ability or intent to perform and by authorizing the UCC financing statements encumbering their assets (Doc. 1, ¶ 78) – cannot form the basis of a claim for breach of the covenant. As set forth in the moving papers, Defendants' conduct in negotiating the Consulting Agreement cannot provide a basis for a claim for breach of the covenant. *See Johnson International, Inc. v. City of Phoenix*, 192 Ariz. 466, 474 (1998) (ruling that obligation imposed by covenant of good faith and fair dealing "presumes the existence of a valid contract."). On the other hand, Defendants' conduct with regard to the UCC liens occurred more than six months after Le Nid USA is alleged to have breached the Consulting Agreement. (*See* Doc. 1, ¶¶ 26 [payments on contract stopped after 7/1/2023], 40-41 [UCC financing statements filed on 2/27/2024 and 5/30/2024].) As with Plaintiff's fraud claims, the failure to address any of these arguments constitutes a waiver of this claim. Therefore, the Court should grant Defendants' motion and dismiss this claim.

### 6. <u>Plaintiff Cannot Assert a Claim Against Hodge for Intentional Interference with Contract</u>

Plaintiff acknowledges that California law requires that claims for intentional interference with an at-will contract requires an independently

wrongful act. (Doc. 34, 20:19-23.) Plaintiff does not contend that he has alleged, or could allege, that Hodge engaged in such a wrong. Instead, Plaintiff argues that the Consulting Agreement was not at-will, but was for a definite term of one year with extensions. However, under the heading "Termination," the Consulting Agreement is clear: "This contract can be terminated by any party at any time." (Doc. 34-1, p. 32.) Thus, pursuant to its terms, the Consulting Agreement ran for a year, subject to automatic extensions, but could be terminated at any time by either party. That is an at-will contract. *See Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal.5th 1130 (2020) (analyzing contract terminable by either party upon 60-days' notice as at-will). Therefore, since the Complaint does not allege that Hodge engaged in an independently wrongful act in directing Delaportas to stop paying plaintiff, it does not state an interference claim. As a result, the Court should dismiss this claim.

## C. <u>Plaintiff's Fraudulent Conveyance Claim Should be Dismissed for Failure to Add a Necessary Party</u>

Plaintiff acknowledges that the beneficiaries of the UCC liens alleged in the Complaint are necessary parties to this action. But rather than dismissing the case, Plaintiff argues that the Court should allow him to conduct discovery to determine the true beneficiaries to bring in as defendants. But Plaintiff fails to cite any authority to that allows discovery rather than dismissal under Federal Rules of Civil Procedure 12(b)(7) and 19(b). Absent such authority, Plaintiff's claim for fraudulent conveyance should be dismissed unless and until these necessary parties are added to this case.

## III. <u>CONCLUSION</u>

For all of the forgoing reasons, and for those reasons set forth in Defendants' moving papers, Defendants' motion to dismiss should be granted

11

in its entirety and without leave to amend. To the extent Plaintiff is granted leave to amend or any claims remain, the Court should stay the action pending resolution of the Arizona case.

DATE: March 2. 2026          PEREZ VAUGHN & FEASBY Inc.

/s/Jeffrey A. Feasby
Jeffrey A. Feasby
Evan C. Flores
Attorneys for Defendants
Kylie Schuyler and Douglas Hodge

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendants Kylie Schuyler and Douglas Hodge certifies that this brief contains 3,359 words in compliance with the word limit of L.R. 11-6.1.

/s/Jeffrey A. Feasby
Jeffrey A. Feasby

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR STAY ACTION