UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-01944-JVS-JDE                      Date    March 16, 2026

Title    Peter Strojnik v. Kylie Schuyler et al

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:    **[IN CHAMBERS] Order Regarding Motion to Dismiss and/or Stay [28]**

Defendants Kylie Schuyler ("Schuyler") and Douglas Hodge ("Hodge") (collectively, "Defendants") moved to dismiss, or in the alternative moved to stay, Plaintiff Peter Strojnik's ("Strojnik") Complaint. (Mot., Dkt. No. 28.) Strojnik opposed the motion. (Opp'n, Dkt. No. 34.) Defendants replied. (Reply, Dkt. No. 35.)

For the following reasons, the Court **GRANTS** the motion to stay.

**I. BACKGROUND**

Unless otherwise noted, the following facts are taken from the Complaint and the Request for Judicial Notice ("RJN"). (Compl., Dkt. No. 1; RJN, Dkt. No. 28-2.)

*A.    Factual Background*

This case centers on the effort to bring Defendant Schuyler's recipe for Crèmily French Frozen Yogurt and related food products to retail market ("Crèmily Project"). (See Compl. ¶ 5.) The Crèmily Project was funded by Schuyler's husband, Defendant Hodge. (Id. ¶ 7.) Defendants hired Steven Delaportas ("Delaportas") to organize and manage the project.[1] (Id. ¶ 8.) Schuyler was responsible for managing Delaportas' work related to the product, and Hodge was responsible for supervising Delaportas' business and financial management. (Id. ¶ 9.) Defendants rented headquarters in Arizona, leased by Le Nid Consortium International, Inc. ("LNCI"), a Schuyler-controlled company. (Id.

---

[1]The Complaint suggests that Delaportas has also gone by "Dellaportas." (Compl. ¶ 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-01944-JVS-JDE                              Date   March 16, 2026

Title      Peter Strojnik v. Kylie Schuyler et al

¶ 10.)

In late 2022, Delaportas recruited Plaintiff Strojnik to provide strategic business services to LNCI, for which Delaportas claimed he served as CEO.  (Id. ¶¶ 11–12.) Delaportas told Strojnik that Schuyler and Hodge authorized him to execute a consulting agreement between Strojnik and LNCI, but "for accounting purposes," substituted Le Nid USA, Inc. ("Le Nid") instead of LNCI.  (Id. ¶¶ 13–14.)  The consulting agreement was a retainer agreement for $10,000 per month for a one-year term, with automatic one year extensions unless a party gave notice before October 31 of the then effective term. (Id. ¶ 19.)  Strojnik believed the project was financially stable because Delaportas told him that Hodge funded the Crèmily Project with a one billion dollar fund.  (Id. ¶ 12.)

Between January and June 2023. LNCI, not Le Nid, successfully made payments to Strojnik.  (Id. ¶ 23.)  In July 2023, Delportas and Hodge had a conflict about budget management, and Hodge instructed Delaportas to cease making retainer payments to Strojnik.  (See id. ¶¶ 24–26.)  Payments then stopped.  (Id. ¶ 28.)  Nonetheless, on October 31, 2023, pursuant to its terms, the consulting agreement automatically extended to December 31, 2024.  (Id. ¶ 29.)

In November 2023, Delaportas met with Strojnik and admitted that the consulting agreement remained in effect, Le Nid had breached it, and that Strojnik was owed $180,000 in missed monthly retainers.  (Id. ¶ 33.)  Delaportas and Strojnik reached a settlement in December 2023.  (Id. ¶¶ 35–36.)  But Strojnik contends that the settlement was quickly breached.  (Id. ¶ 37.)

On February 27, 2024, LNCI granted Schuyler a UCC lien encumbering all of its assets.  (Id. ¶ 40.)  And on May 30, 2024, LNCI, Le Nid, other related businesses, and Schuyler liened their assets to CT Corporation Systems.  (Id. ¶ 40.)  Two days later, their Arizona headquarters were vacated.  (Id. ¶ 42.)  Nonetheless, on October 31, 2024, pursuant to its terms, the consulting agreement automatically extended to December 31, 2025.  (Id. ¶ 38.)  The consulting agreement was terminated on June 17, 2025, per Strojnik's request.  (Id. ¶ 39.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-01944-JVS-JDE                         Date    March 16, 2026

Title    Peter Strojnik v. Kylie Schuyler et al

Strojnik claims that Le Nid was an instrumentality and alter ego of Schuyler, Hodge, and Delaportas because at the time of the consulting agreement, it did not have authorization to conduct business in Arizona, it had no paid employees, nor did it have any known business besides contracting with Strojnik.  (Id. ¶ 43.)  Strojnik claims that Le Nid was a shell company with no ability or intent to pay his $10,000 monthly retainer.  (Id. ¶ 16.)  Schuyler, Hodge, and Delaportas did not use Le Nid for "accounting purposes," but instead to ensure Strojnik would not be able to recover against it because it had no assets.  (Id. ¶ 45.)

### B.    Procedural Background

On March 21, 2024, Strojnik initiated a parallel proceeding in Arizona state court against Le Nid, Schuyler, Hodge, Delaportas, and others ("State Action").  (Compl. at 1; RJN, Ex. 2); see Strojnik v. Le Nid Usa, Inc., No. CV2024-006019 (Ariz. Sup. Ct. Mar. 21, 2024).

On August 11, 2025, the state court dismissed Schuyler and Hodge for lack of personal jurisdiction.  (Compl. at 1; see RJN, Ex. 3, generally.) The action remains pending against Delaportas and Le Nid, among others.  (See RJN, Motion to Dismiss, Ex. 3, at 5.)  On August 28, 2025, Strojnik brought this case against Hodge and Schuyler.  (See Dkt. No. 1, generally.)

## II.  LEGAL STANDARD

### A.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-01944-JVS-JDE                    Date   March 16, 2026

Title      Peter Strojnik v. Kylie Schuyler et al

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Id. (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id.

   B.      *Abstention under Colorado River*

   Under the Colorado River doctrine, federal courts may abstain from exercising jurisdiction in favor of parallel state proceedings in the interests of "wise judicial administration." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976) (internal quotation omitted). For Colorado River abstention to be appropriate, the federal and state actions must be sufficiently parallel. R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 982 (9th Cir. 2011). Exact parallelism is not required; rather the two proceedings need only be "substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).

   The Ninth Circuit has identified eight factors that courts should consider when determining whether to stay or dismiss under Colorado River:

            (1) which court first assumed jurisdiction over any property
            at stake;
            (2) the inconvenience of the federal forum;
            (3) the desire to avoid piecemeal litigation;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-01944-JVS-JDE                    Date    March 16, 2026

Title    Peter Strojnik v. Kylie Schuyler et al

(4) the order in which the forums obtained jurisdiction;
(5) whether federal law or state law provides the rule of decision on the merits;
(6) whether the state court proceedings can adequately protect the rights of the federal litigants;
(7) the desire to avoid forum shopping; and
(8) whether the state court proceedings will resolve all issues before the court.

Seneca Ins. Co. v. Strange Land, Inc., 862 F.3d 835, 841-42 (9th Cir. 2017) (quoting R.R. St. & Co. Inc., 656 F.3d at 978-79).

C.    *Request for Judicial Notice*

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). The Court takes judicial notice of the documents in the Request for Judicial Notice ("RJN") pursuant to Fed. R. Evid. 201. All of the documents in the RJN contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## III. DISCUSSION

Defendants seek to dismiss all six claims in the Complaint: Count One, common law fraud, concealment, and non-disclosure, (Compl. ¶¶ 49–61); Count Two, fraud in the inducement, (id. ¶¶ 62–67); Count Three, breach of the consulting agreement, (id. ¶¶ 68–74); Count Four, breach of good faith and fair dealing, (id. ¶¶ 75–81); Count Five, intentional interference with contract, (id. ¶¶ 82–89); and Count Six, fraudulent conveyance, (id. ¶¶ 90–96).

The Court first addresses Defendants' Request for Judicial Notice, then addresses abstention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-01944-JVS-JDE                                    Date   March 16, 2026

Title     Peter Strojnik v. Kylie Schuyler et al

### A.     Request for Judicial Notice

Defendants filed a request for judicial notice in support of this motion.  (See RJN, generally.)  Specifically, PHH seeks judicial notice of the following:

a.   The Consulting Agreement between plaintiff Peter Strojnik (Plaintiff) and Le Nid USA, Inc., which is attached to the First Amended Complaint in action in the Superior Court for the State of Arizona in and for the County of Maricopa, Case No. CV2024-006019.  (RJN, Ex. 1.)

b.   The First Amended Complaint filed by Plaintiff in the Superior Court for the State of Arizona in and for the County of Maricopa, Case No. CV2024-006019.  (RJN, Ex. 2.)

c.   The Order Granting Motion to Dismiss entered by the Superior Court for the State of Arizona in and for the County of Maricopa in Case No. CV2024-006019.  (RJN, Ex. 3.)

d.   The docket in Case No. CV2024-006019 of the Superior Court for the State of Arizona in and for the County of Maricopa.  (RJN, Ex. 4.)

The Court finds that the documents for which Defendants seek judicial notice are a matter of public record that are not subject to reasonable dispute.[2]  See Lee, 250 F.3d at 688–89; Fed. R. Evid. 201(b).  Furthermore, the documents contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  See Fed. R. Evid. 201(b)(2).  Accordingly, the Court **GRANTS** Defendants' request for judicial notice of RJN Exhibits 1–4.

### B.     Abstention under Colorado River

---

[2]Although Exhibit 1 is an agreement between the parties, it was attached to the First Amended Complaint of the State Action.  (See RJN, Ex. 1, generally.)  Thus, the Court does not find Exhibit 1 to be subject to reasonable dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-01944-JVS-JDE                          Date   March 16, 2026

Title      Peter Strojnik v. Kylie Schuyler et al

Defendants argue that abstention of this federal case is proper under the <u>Colorado River</u> doctrine.  (<u>See</u> Mot. at 6–10.)  To determine whether abstention is appropriate, the Court assesses each of the <u>Seneca</u> factors in turn.

### 1.    First Factor: Jurisdiction over Property

The first factor, which court first assumed jurisdiction over any property at stake, is neutral because property is not at issue in this case.  <u>See Seneca</u>, 862 F.3d at 841–42.

### 2.    Second Factor: Inconvenience of the Federal Forum

The second factor, the inconvenience of the federal forum, is neutral because Defendants reside in the federal forum and Plaintiff initiated the action here.  <u>See</u> <u>id.</u>; (<u>see</u> Mot. at 7).

### 3.    Third Factor: Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." <u>Mendocino Ry. v. Ainsworth</u>, 113 F.4th 1181, 1188 (9th Cir. 2024) (quoting <u>Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.</u>, 843 F.2d 1253, 1258 (9th Cir. 1988)).  When courts find that concurrent cases could "waste judicial resources and cause confusion in the continuing disputes between the parties," they have favored a stay.  <u>Id.</u> (citing <u>Ernest Bock, LLC v. Steelman</u>, 76 F.4th 827, 837 (9th Cir. 2023) (citing <u>R.R. Street</u>, 656 F.3d at 979–80)).

In this case, Schuyler and Hodge's liability is necessarily based on the liability of the defendants in the State Action.  (Mot. at 7; Compl ¶¶ 43-48, 60, 65, 71-72, 79-80, 87; RJN, Ex. 2, ¶¶ 97-101, 127-129.)  The State Action involves defendants who are alleged to be the alter egos and co-conspirators of Schuyler and Hodge.  (<u>See</u> Mot. at 7.)  If the federal and state actions proceed concurrently, they risk inconsistent results: the State Action may find the defendants are not liable, but this federal action may still find

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-01944-JVS-JDE                          Date   March 16, 2026

Title   Peter Strojnik v. Kylie Schuyler et al

Schuyler and Hodge liable as alter egos and co-conspirators of the State Action defendants.  Thus, to avoid wasting judicial resources and causing confusion in the continuing cases, the Court finds this factor weighs in favor of abstention.

### 4.   Fourth Factor: Order of Jurisdiction

The State Action began on March 21, 2024, (see RJN, Ex. 4, at 4), and the federal action was filed on August 28, 2025, (see Compl., generally).  The State Action has already progressed through many substantive motions, including a motion to dismiss and motion for judgment on the pleadings, as well as interlocutory appeals, including an appeal challenging the dismissal of Hodge and Schuyler for lack of personal jurisdiction.[3]  (See RJN, Ex. 4 at 1–4; id., Ex. 3).  The State Action's seventeen more months of progression, relative to the federal case, favors abstention.  (See Mot. at 8); see Mendocino, 113 F.4th at 1189 ("When a state action has been progressing for multiple years with extensive discovery, substantive motions, orders deciding multiple issues, or interlocutory appeals, this factor favors abstention.").

### 5.   Fifth Factor: Rule of Decision

Plaintiffs' claims in the federal actions implicate only issues of state law, such as fraud, breach of contract, and intentional interference with contract.  (See Compl., generally; Mot. at 8.)  "Routine issues of state law" do not counsel in favor of abstention. See Seneca, 862 F.3d at 844; see also  R.R. St. & Co. Inc., 656 F.3d at 980.

---

[3] Strojnik argues that "while a state court action is on appeal, there is no Colorado River abstention." (Opp'n at 14.)  He supports this argument by pointing to Ernest Bock, but the appeal in the underlying state action was not dispositive for the Ninth Circuit's decision to reverse Colorado River abstention.  (See id.); see 76 F. 4th at 845–42.  Instead, the Ninth Circuit in Ernest Bock found a stay was inappropriate because the issues were distinct from the state proceeding, and thus a state proceeding "may not fully resolve the issues pending before the district court."  Ernest Bock, 76 F.4th at 833–34, 843.  The Court finds no basis for Strojnik's interpretation and cautions against making such arguments without support.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-01944-JVS-JDE                    Date   March 16, 2026

Title   Peter Strojnik v. Kylie Schuyler et al

      6.      Sixth Factor: Protecting Litigants' Federal Rights

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." R.R. Street & Co. Inc., 656 F.3d at 981. This factor looks to whether the state court might be unable to enforce federal rights. Seneca, 862 F.3d at 845.

Following dismissal, Schuyler and Hodge are no longer defendants in the State Action. (See RJN, Ex. 3.) Strojnik argues that for this reason, Colorado River abstention does not apply. (Opp'n at 14.) But even when "no [named] plaintiff is the same, and no defendant is the same" between the state and federal cases, courts have found the criteria for Colorado River abstention satisfied when the cases center on common facts and legal questions. See Abcarian v. Levine, 2016 U.S. Dist. LEXIS 192140, *9–10. Here, the defendants in these state and federal actions are similar because while the federal action names only Schuyler and Hodge, the State Action names their alleged alter egos and co-conspirators. See id. at 10–11 ("Defendants in this case are the individuals who manage the entity defendants in [the state action]. For all practical purposes, then, the parties in the action are essentially the same."); (see Mot. at 7.)

Nonetheless, this factor most typically weighs against abstention "where there are exclusively federal claims that could not be brought as part of the state-court action." See Bushansky v. Armacost, 2012 WL 3276937, at *5 (N.D. Cal. Aug. 9, 2012). Only state law claims are at issue in this case. Thus, this factor favors abstention.

      6.      Seventh Factor: Forum Shopping

Defendants recognize that Plaintiffs have not engaged in forum shopping in this matter. (See Mot. at 8–9.) Thus, this factor is neutral.

      8.      Eighth Factor: Parallelism

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-01944-JVS-JDE                    Date   March 16, 2026

Title        Peter Strojnik v. Kylie Schuyler et al

Under the eighth factor, the Court must determine "whether the federal and state actions are sufficiently 'parallel'—i.e. whether substantially the same parties are contemporaneously litigating the same issues in different forums." In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1170 (C.D. Cal. 2008).  Exact parallelism is not required; rather the two proceedings need only be "substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).

Courts are "reluctant to find that actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation."  Nakash v. Marciano, 882 F.2d 1411, 1417 (9th Cir. 1989); see also Rios v. Peterson, No. 21-CV-00063, 2021 WL 9315280, at *2 (C.D. Cal. Sept. 15, 2021).  This action appears to be a "spin-off" of the State Action because the underlying facts are the same, but Plaintiffs filed the federal action after Hodge and Schuyler were dismissed from state court.  See Rios, 2021 WL 9315280, at *2 (finding that a federal action appears to be a "spin-off" of the ongoing state court litigation because Plaintiffs' claims are based on the same facts as the state litigation).  The allegations here, just as in the State Action, are based on Strojnik's claim that Schuyler, Hodge, and Delaportas, acting as co-conspirators and through the alter egos of various corporations, committed fraud and breach of contract.  (See Compl. ¶¶ 43–48, 60, 65, 71–72, 79–80, 87; RJN, Ex. 2, ¶¶ 97–101, 127–129.)  Strojnik claims that "there is no action pending in the [State Action] that will resolve any issues between Plaintiff and Defendants Schuyler and Hodge."  (Opp'n at 13.)  But if the state finds that Delaportas or the corporate defendants were liable, the only issues remaining in federal court will be whether Schuyler and Hodge are themselves liable under co-conspirator and alter ego liability.  (See Mot. at 7.)

Strojnik further argues that if the State Action does "not fully resolve the issues pending before the district court," then Colorado River abstention is unavailing.  (Opp'n at 13 (citing Ernest Bock, 76 F.4th at 843).)  In Ernest Bock, Colorado River abstention was not appropriate because the state court proceedings could only result in "binary outcomes"; if the court ruled one of the two possible ways, almost certainly additional proceedings in federal court would be necessary.  76 F.4th at 833, 838–42; id. at 840 n.17.  At first glance, this case seems similar: only if the state court finds Delaportas or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-01944-JVS-JDE                     Date   March 16, 2026

Title        Peter Strojnik v. Kylie Schuyler et al

the corporate defendants liable will the case will proceed to the federal court to determine Schuyler and Hodge's liability under co-conspirator and alter ego liability.

However, one year after deciding Ernest Bock, the Ninth Circuit clarified that the case did not abrogate prior precedent.  Mendocino, 113 F.4th at 1191–92 (9th Cir. 2024).  A key distinction exists between this case and Ernest Bock: how the federal cases arose.  In Ernest Bock, the federal case arose out of the state defendants' failure to pay the judgment in the original action, before it was appealed and vacated.  See id. at 1992–93 (differentiating Ernest Bock).  The federal claims, including claims for violation of state and federal fraud and racketeering laws, were based on the defendants' alleged shielding of funds from their state judgment.  Ernest Bock, 76 F.4th at 833.  In this case, the federal action is not distinct from the state action: it arises out of the same facts.  See Mendocino, 113 F.4th at 1192 (summarizing that in Ernest Bock, "the fraud and racketeering claims in the federal court, while incorporating the same underlying issue [ . . .], were distinct from the state court claims.").  Given that the federal and state cases are based on the same facts, this is precisely the type of "spin-off" that the Ninth Circuit enshrined well before Ernest Bock—and did not abrogate in its holding.  See Nakash, 882 F.2d at 1417; see also Rios, 2021 WL 9315280, at *2.  Regardless, the court in Mendocino ultimately concluded that the "consideration of whether state court proceedings will resolve the federal issues does not preclude dismissal under Colorado River."  Mendocino,113 F.4th at 1192.  Strojnik uses Ernest Block to argue for an interpretation of Colorado River abstention that is too narrow.

Additionally, Strojnik claims there is no parallelism because he brings a claim against Defendants for intentional interference with contract, a claim absent in the State Action.[4]  (See Compl. ¶¶ 82–89; Opp'n at 13.)  But Strojnik's intentional interference

---

[4]Strojnik claims that "Plaintiff for the first time brings a direct claim against Defendant Hodge for Intentional Interference with contract."  (Opp'n at 13.)  But the Complaint also alleges that because "Schuyler, Hodge and Delaportas shared a common plan[,] . . . the interference with contract alleged here imposes liability of Schuyler."  (Compl. ¶ 87.)  Thus, this claim is not against Hodge alone, but against both Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-01944-JVS-JDE                    Date   March 16, 2026

Title   Peter Strojnik v. Kylie Schuyler et al

claim arises out of the same set of facts as the federal and state cases.  It does not arise out of "any other instances of an existing conflict . . . outside of those being litigated in the State Action."  Mendocino,113 F.4th at 1192; (Reply at 4).  Again, exact parallelism is not required for abstention to be appropriate.  See Nakash, 882 F.2d at 1416.

Because the parties in both actions are substantially similar, and because the claims in both actions depend on whether the parties involved in the Crèmily Project committed fraud and breach of contract, the cases are sufficiently parallel for Colorado River purposes.  See Abcarian, 2016 U.S. Dist. LEXIS 192140, *11.

In sum, all of the Colorado River factors are neutral or weigh in favor of abstention. On balance, the factors weigh in favor of abstention. The Court thus stays this action under Colorado River pending resolution of the State Action.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion to stay.

**IT IS SO ORDERED.**